RE: A.G. OPINION REQUEST DATED JULY 23, 1987: (1) IS IT LEGAL FOR A COMPANY OWNED BY A CITY COUNCIL MEMBER'S SON, OR FOR A CITY COUNCIL MEMBER TO SELL TO THE SAME CITY OF WHICH HE IS A COUNCIL MEMBER; AND (2) IS IT LEGAL FOR THE CITY COUNCIL TO CONTRACT WITH ANY OF ITS MEMBERS? THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR QUESTIONS IN THE ABOVE-REFERENCED MATTER. AFTER REVIEWING THESE QUESTIONS AND THE CLEARLY APPLICABLE LAW, IT APPEARS THAT THE ISSUANCE OF A FOR AL OPINION IS UNNECESSARY. HOPEFULLY, THIS INFORMAL OPINION WILL BE OF SOME ASSISTANCE TO YOU. BOTH QUESTIONS INVOLVE CONFLICT OF INTEREST LAWS APPLICABLE TO MUNICIPAL OFFICERS, AND MORE SPECIFICALLY, CITY COUNCIL MEMBERS. THE MOST RELEVANT STATUTE IS CODIFIED AT 62 O.S. 1981 371 [62-371], AND PROVIDES AS FOLLOWS: "NO . . . CITY COUNCIL . . . IN THIS STATE SHALL MAKE ANY CONTRACT WITH ANY OF ITS MEMBERS, OR IN WHICH ANY OF ITS MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED; AND ALL CONTRACTS MADE IN VIOLATION OF THIS SECTION SHALL BE WHOLLY VOID." WITHOUT ANY ANALYSIS OR STATUTORY CONSTRUCTION, THE LANGUAGE OF THIS STATUTE IS SUFFICIENT TO ADEQUATELY ANSWER YOUR SECOND QUESTION. YOUR SECOND QUESTION SIMPLY AS S WHETHER "IT IS LEGAL FOR THE CITY COUNCIL TO CONTRACT WITH ANY OF ITS MEMBERS." TITLE 62 O.S. 374 [62-374] (1981) EXPLICITLY AND CLEARLY SAYS "NO." THERE IS ALSO A RELATIVELY "NEW" STATUTE, FOUND AT 11 O.S. 8-113 [11-8-113] (1986), THAT IS POTENTIALLY APPLICABLE TO YOUR QUESTION. DUE TO THE RECENT NATURE OF THIS STATUTE, IT HAS NOT BEEN THE SUBJECT OF CONSTRUCTION BY THE COURTS OR THIS OFFICE, BUT BECAUSE IT ALSO IS RELEVANT TO YOUR QUESTION I HAVE ENCLOSED A COPY FOR YOUR REVIEW. IN ADDITION TO THESE STATUTES, THERE IS A PANOPLY OF CRIMINAL STATUTES WHICH POTENTIALLY FORBID THE ACTIONS CONTEMPLATED BY YOUR QUESTIONS. TITLE 21 O.S. 344 [21-344] (1981) IS ONE SUCH STATUTE WHICH PROHIBITS "CRIMES AGAINST THE REVENUE AND PROPERTY OF THE STATE." IT PROVIDES: "EVERY PUBLIC OFFICER, BEING AUTHORIZED TO SELL OR LEASE ANY PROPERTY, OR MADE ANY CONTRACT IN HIS OFFICIAL CAPACITY, WHO VOLUNTARILY BECOMES INTERESTED INDIVIDUALLY IN SUCH SALE, LEASE OR CONTRACT, DIRECTLY OR INDIRECTLY, IS GUILTY OF A MISDEMEANOR." SEE ALSO 21 O.S. 341 [21-341] ; OKLA. CONST. ARTICLE X, SECTION 11 ; AND WILEY V. STATE, 349 P.2d 30, 35 (OKLA. 1960). LIKEWISE, 21 O.S. 1981 355 [21-355] PROVIDES: "IT SHALL BE UNLAWFUL FOR ANY MEMBER OF ANY . . . CITY COUNCIL OR OTHER GOVERNING BODY OF ANY CITY, BOARD OF TRUSTEES OF ANY TOWN, BOARD OF DIRECTORS OF ANY TOWNSHIP . . . TO FURNISH, FOR A CONSIDERATION ANY MATERIAL OR SUPPLIES FOR THE USE OF SAID . . . CITY, TOWN, TOWNSHIP . ." PREVIOUS ATTORNEYS GENERAL HAVE CONSTRUED THESE STATUTES AS TO QUESTIONS IDENTICAL TO THOSE YOU HAVE POSED HEREIN. A.G. OPIN. NO. 79-267, APPEARS TO HAVE DIRECTLY ANSWERED YOUR FIRST QUESTION. IN THAT OPINION, IT WAS ASKED WHETHER THERE WAS A LEGAL PROHIBITION PREVENTING A MUNICIPALITY FROM PURCHASING LAND FROM AN INDIVIDUAL WHOSE BROTHER SERVED ON THE GOVERNING BOARD OF THE MUNICIPALITY, WHERE THE MEMBER OF THE BOARD HAD NO OTHER BUSINESS OR PERSONAL RELATIONSHIP WITH THE SELLER. AFTER CITING 62 O.S. 371 [62-371] AND 21 O.S. 344 [21-344], THE OPINION CONCLUDED THAT, UNDER THOSE STATUTES, THE KINSHIP RELATION BETWEEN A SELLER AND A MEMBER OF THE GOVERNING BODY DOES NOT INVALIDATE THE CONTRACT, ABSENT A DIRECT OR INDIRECT PECUNIARY INTEREST OF THE MEMBER IN THE CONTRACT. THE OPINION FURTHER CLARIFIED THIS STATEMENT BY OPINING THAT "WHETHER THE MEMBER OF THE GOVERNING BODY HAS ANY DIRECT OR INDIRECT INTEREST IN THE CONTRACT IS A QUESTION OF FACT." A.G. OPIN. NO. 79-267. GIVEN THIS AUTHORITY, YOUR FIRST QUESTION CAN BE ANSWERED SIMILARLY. THERE APPEARS TO BE NO EXPRESS PROHIBITION AGAINST A MUNICIPALITY, OR A CITY COUNCIL THEREOF, FROM PURCHASING ITEMS FROM A COMPANY WHICH IS OWNED BY A CITY COUNCIL MEMBER'S SON, AS LONG AS THAT CITY COUNCIL MEMBER HAS NO DIRECT OR INDIRECT PECUNIARY INTEREST IN SUCH PURCHASE CONTRACT. AND WHETHER THE CITY COUNCIL MEMBER HAS SUCH AN INTEREST IS A QUESTION OF FACT. SUCH A DETERMINATION OF FACT CANNOT BE ANSWERED AS A MATTER OF LAW ALONE. A.G. OPIN. NO. 80-212. YOUR SECOND QUESTION, AS WAS ALLUDED TO EARLIER IN THIS LETTER, IS ANSWERED IN A FORCEFUL WAY BY THE ACTUAL LANGUAGE OF 62 O.S. 371 [62-371] (1981) WHICH CLEARLY STATES THAT NO CITY COUNCIL SHALL MAKE ANY CONTRACT WITH ANY OF ITS MEMBERS, PERIOD. SEE ALSO A.G. OPIN. NO. 83-153; A.G. OPIN. NO. 83-119 ; A.G. OPIN. NO. 77-155 ; A.G. OPIN. NO. 74-181 ; AND A.G. OPIN. NO. 71-158 . LASTLY, IT MUST ALSO BE REMEMBERED THAT A CITY'S CHARTER MAY CONTAIN PROVISIONS DEALING WITH CONFLICTS OF INTEREST, AND ONLY IF THEY ARE MORE STRINGENT THAN THE STATE STATUTES CITED HEREIN, WILL THEY BE APPLIED. IF THEY ARE MORE LAX, THEN THE STATE STATUTES SUPERSEDE. SEE A.G. OPIN. NO. 85-138 AND A.G. OPIN. NO. 78-285. GIVEN THE CLARITY OF THE FOREGOING AUTHORITIES, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION IN RESPONSE TO YOUR QUESTIONS. (WILLIAM D. LAFORTUNE)